IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHERWOOD V. GOOCH,                                                        PETITIONER
ADC #068817

v.                          5:15CV00056-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    BACKGROUND**

In July 1976, Mr. Gooch pleaded guilty to two counts of first degree murder and was sentenced to life without parole. (Doc. No. 1.) His plea and conviction arose out of a grocery story robbery. The Eighth Circuit recited the facts as follows:

> On the afternoon of October 20, 1975, [Edward] Pickens, Antonio Clark, and Sherwood Gooch entered a rural grocery store in Casscoe, Arkansas with a sawed-off shotgun and a .22 caliber pistol. They robbed the owner, the clerk, and seven customers in the store and two of the robbers raped the female clerk. They then made their victims lie face down on the floor and shot seven of them in the back of the head with the .22 caliber pistol. Several of the victims were shot a second time after the pistol was reloaded. Two of the victims, including seventy-six year old Wesley Noble, died. Noble was one of those shot a second time.

*Pickens v. Lockhart*, 714 F.2d. 1455, 1458 (1983). During his almost thirty-nine years in prison, Mr. Gooch has filed multiple petitions for post-conviction relief, including two previous writs for habeas corpus in the Eastern District of Arkansas.[1] In the current Petition, Mr. Gooch alleges four grounds for relief: (1) he was not sentenced according to statute; (2) the sentencing court did not have subject matter jurisdiction; (3) the trial court sentenced him for a charge not listed on his information; and

---

[1]*Gooch v. Housewright*, No. PB-C-80-247 was denied on September 2, 1983, and *Gooch v. Lockhart*, PB-C-89-297 was denied on May 31, 1990.

(4) according to Arkansas Statutes and the Arkansas and United States Constitutions, he could only plead guilty to first degree murder. (Doc. No. 1.) Respondent filed a Motion to Dismiss (Doc. No. 5) arguing that the district court lacks jurisdiction because Mr. Gooch's Petition is successive. For the following reasons, the Court agrees that this Petition is successive, and Mr. Gooch must have permission from the United States Court of Appeals for the Eighth Circuit to proceed.

**II.    DISCUSSION**

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Brown v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, the Court finds that the language of 28 U.S.C. § 2244(b) is binding and

prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing.") There is nothing in the record to indicate that Mr. Gooch sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this successive petition. He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his 1976 conviction.

In Mr. Gooch's Response to Motion to Dismiss he argues that his Petition is not successive because he brought new claims that are "ripe for review." He contends that he only discovered the new grounds in 2012; however, he does not give any more evidence as to his "due diligence" in discovering these new claims. Furthermore, there has been no new rule of constitutional law made retroactive by the United States Supreme Court, nor are there new facts presented ensuring that "no reasonable fact finder would have found [Mr. Gooch] guilty."

Therefore, the Court finds this Petition is successive, and it does not have jurisdiction over Mr. Gooch's claims. The Court recommends dismissal without prejudice so Mr. Gooch may refile his Petition should the Eighth Circuit grant him permission to proceed.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 5) be granted, Mr. Gooch's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice, and the requested relief be DENIED.

DATED this 30th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE